UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AFIYA BAIRD**<br>Plaintiff,<br><br>v.<br><br>**VOYAGER GLOBAL MOBILITY**<br>and<br>**PATRICE JOHNSON-RICHARDSON**<br>Defendants | **J. Reyes**<br><br>**MERKL, M.J.**<br>**CV 26 - 1891**<br>Civil Action No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

## I. INTRODUCTION

Plaintiff Afiya Baird brings this action for retaliation and hostile work environment arising from her employment with Defendant Voyager Global Mobility. Plaintiff experienced disciplinary action immediately following medically necessary leave and was later subjected to aggressive and intimidating conduct by her supervisor.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under federal employment laws. Venue is proper in this District because the events occurred in Brooklyn, New York at 445 Empire Boulevard.

## III. PARTIES

Plaintiff was employed as a FNOL Administrator. Defendant Voyager Global Mobility operates in New York. Defendant Patrice Johnson-Richardson was Plaintiff's direct supervisor.

536 East 96th Street Apartment 7D Brooklyn New York, 11212

## IV. STATEMENT OF FACTS

Plaintiff sought medical treatment on March 19, 2025 and was placed on bed rest. Plaintiff returned to work on March 24, 2025. The following day, Plaintiff received a disciplinary write-up alleging failure to follow job duties.

Prior to the write-up, Plaintiff had raised concerns regarding workload and lack of training. Plaintiff reported workplace concerns to Human Resources on March 28, 2025.

On April 2, 2025, during a meeting, Plaintiff experienced aggressive behavior when her supervisor abruptly stood and slammed her hands on a table. Plaintiff felt unsafe and reported the incident. No

meaningful corrective action was taken.

Plaintiff was later included in a layoff affecting multiple employees and believes the treatment was connected to her complaints.

## V. CLAIMS

Defendants engaged in retaliation and created a hostile work environment through intimidation and lack of support.

## VI. DAMAGES

Plaintiff suffered lost wages, emotional distress, and financial hardship and seeks damages in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

Plaintiff requests compensatory damages, lost wages, punitive damages where permitted, and any further relief deemed appropriate.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury.

## IX. SIGNATURE

Afiya Baird Plaintiff Pro Se Address: _____ Phone: _____ Email: _____

Afiya Baird          03/31/2026

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

**SUMMONS IN A CIVIL ACTION**

To: Voyager Global Mobility Address: 445 Empire Boulevard, Brooklyn, New York

A lawsuit has been filed against you. Within 21 days after service of this summons, you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

The answer or motion must be served on the plaintiff at the address listed below.

Plaintiff: Afiya Baird (Pro Se) Address: _____ Phone: _____ Email: _____

Clerk of Court: _____ Date Issued: _____

Patrice Johnson-Richardson works at 445 Empire Blvd. Brooklyn New York.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

## IV. STATEMENT OF FACTS

1. Plaintiff Afiya Baird was employed by Defendant Voyager Global Mobility as a FNOL Administrator at its facility located at 445 Empire Boulevard, Brooklyn, New York.

2. On March 19, 2025, Plaintiff was seen by a medical provider at AG Urgent Care for medical treatment.

3. Plaintiff's medical provider issued documentation recommending bed rest and house confinement due to Plaintiff's medical condition.

4. Plaintiff was medically cleared to return to work on March 24, 2025, without restrictions.

5. On March 25, 2025, the day immediately following Plaintiff's return to work, Plaintiff received a written disciplinary action issued by her supervisor, Defendant Patrice Johnson-Richardson.

6. The disciplinary action cited 'failure to follow job duties and lack of adherence to task assignment procedures.'

7. The disciplinary notice further alleged that Plaintiff failed to properly assign tasks, failed to complete intake assignments, and failed to maintain proper workflow logs.

8. Prior to receiving this disciplinary action, Plaintiff had raised concerns regarding workload expectations and lack of adequate training.

9. Given the timing of the disciplinary action, occurring immediately after Plaintiff's return from medically directed leave, Plaintiff reasonably believed the action to be unjustified.

10. On March 28, 2025, Plaintiff submitted a complaint to Human Resources regarding her treatment and working conditions.

11. Plaintiff reported that she was experiencing a stressful, unsupported, and increasingly hostile work environment.

12. On April 2, 2025, during a meeting with her supervisor, Plaintiff experienced conduct that she reasonably perceived as aggressive and intimidating.

13. During the meeting, Defendant Johnson-Richardson abruptly stood up and forcefully slammed her hands on the table directly in front of Plaintiff.

14. As a result of this conduct, Plaintiff felt frightened, unsafe, and uncertain how to respond.

15. Plaintiff remained silent out of fear that the situation could escalate further.

16. Plaintiff reported the April 2, 2025 incident to Human Resources and requested intervention and support.

17. Plaintiff submitted a follow-up complaint on April 4, 2025.

18. Despite these reports, Plaintiff did not receive meaningful assistance or corrective action from Human Resources.

19. Plaintiff was left feeling vulnerable, unsupported, and unsafe in the workplace.

20. Thereafter, Plaintiff was included in a layoff affecting multiple employees.

21. Plaintiff believes that the disciplinary action, hostile conduct, and termination were connected to her complaints and workplace concerns.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

_____

*Plaintiff(s)*

v.

_____

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

# SUMMONS IN A CIVIL ACTION

To: Voyager Global Mobility

Address: 445 Empire Boulevard, Brooklyn, New York

You are hereby summoned and required to serve an answer to the complaint filed against you.

You must respond within 21 days after service of this summons.

If you fail to respond, judgment by default may be entered against you.

Plaintiff: Afiya Baird (Pro Se)

Address: _____

Phone: _____

Email: _____

Clerk of Court: _____

Date Issued: _____